**STATE ex SELZER v MAY, Judge, Etc**

Ohio Appeals, 9th Dist, Summit Co

No 2328. Decided July 11, 1933

E. F. Mooneyham, Akron, for plaintiff.

Donald Gottwald, Akron, and Brouse, Englebeck, McDowell, May & Bierce, Akron, for defendant.

FARR, J, (7th Dist), sitting in place of WASHBURN, PJ.

## OPINION

By FARR, J.

It must be conceded, as disclosed by the journal entries of her appointments as a deputy clerk (defendant's exhibits D, E and F) that Miss Selzer was a duly appointed and authorized deputy clerk of the Probate Court of Summit County from the time of her first appointment until the end of the term of her employer. The fact that she was not directed to perform the specific duties of · a deputy clerk, does not nullify such appointments, because, under the authority of her appointments, she might have been directed to discharge such duties at any hour or moment of the day during her term of service; and if indeed such appointments were valid, then it is true that she was not within the classified service, and it is so provided in §486-8(a)-9 GC. Therefore, that issue must be determined in favor of the respondent.

Coming to the next claim of relator, that she served as a stenographer, it may be observed that §486-8 GC provides in part as follows: first there is enumerated the positions not in the classified service, and paragraph 8 thereof reads in part as follows:

"Three secretaries, assistants or clerks and one personal stenographer for each of the elective state officers; and two secretaries, assistants or clerks and one personal stenographer for other elective officers."

It is the last clause which is of interest here.

It may be further observed that, while Miss Selzer took a noncompetitive examination as a stenographer, that would not necessarily place her in the classified service so far as her position in the Probate Court is concerned. For instance, any individual might take such examination, with no purposeful intent to further pursue the object of such examination; and it can scarcely be maintained that one who is employed simply as a stenographer in the office of such public official is necessarily subject to an examination for such service.

The law makes no provision for a stenographer for the Probate Court, as such, and while Miss Selzer may have taken an examination for county service, that would not be sufficiently narrow to require a probate judge to appoint her as a stenographer in his court. Each county official makes his own selection of clerks, deputies, etc., fixes the salary of each, and may discharge them (§2981 GC), but the county commissioners fix the amount in a sum total which is allowed to such official for clerk hire. Under such circumstances, the Probate Court could be no more required to continue such stenographer than any other county official, and this because, as above stated, it is provided by statute that a county official makes his own selection of assistants, deputies, etc., and Judge May did not select Miss Selzer.

The contention of the relator, therefore, can hardly be sustained, because it is not believed that her employment created a relation that could not be terminated by the employer at will.

In the light of the foregoing, it seems clear that Miss Selzer was not within the classified service, except it be county-wide in character, in which event the Probate Court would be under no greater obligation to continuously employ her than any other county official.

It follows, therefore, in view of all the foregoing, that the peremptory writ should be refused, and it is so ordered.

Peremptory writ refused.

FUNK and STEVENS, JJ, concur in judgment.